# EXHIBIT C

## SEC's Response to Alpine's First Set of Requests for Production of Documents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>  Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO ALPINE SECURITIES CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Plaintiff, United States Securities and Exchange Commission ("Commission"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby objects and responds to Defendant Alpine Securities Corporation's ("Defendant" or "Alpine") First Set of Requests for Production of Documents propounded on October 20, 2017, as follows:

## GENERAL OBJECTIONS

1.  The Commission objects to all Instructions, Definitions, and Requests in Defendant Alpine's First Set of Requests for Production of Documents ("Requests") that purport to impose burdens or obligations on the Commission beyond those authorized or permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, Judge Cote's Individual Practices in Civil Cases, or rulings and orders entered in this case.

2.  The Commission objects to Alpine's Definitions Nos. 2-8 of the "SEC" ("You," "Your," "Plaintiff," and "SEC"), "FinCEN," "FINRA," and "SAR," as overbroad, unduly burdensome, vague, and ambiguous.

3.  The Commission further objects to the proffered definitions to the extent they purport to define any word or phrase as having other than its ordinary meaning.

ALPINE_LIT167438

4.      The Commission objects to each Interrogatory to the extent it requests information protected by attorney-client privilege, work product doctrine, law enforcement privilege, investigative privilege, or other applicable privilege or protection against disclosure. Any inadvertent production of any information protected from disclosure by the attorney-client privilege, the work product doctrine, law enforcement privilege, or any other applicable privilege or protection is not intended to be and shall not be (i) a waiver of such privilege and/or protection in whole or in part; or (ii) a waiver of the right to object to any use of the information contained therein in this or any other proceeding.

5.      The Commission objects to the Requests to the extent they seek information that is not in the possession, custody, or control of the Commission.

6.      The Commission does not waive any objections by providing a specific response or by raising additional objections to any specific Request.

7.      The Commission objects to Requests that seek discovery solely related to the improper equitable defenses that should be stricken for the reasons set forth in the Commission's Motion to Strike Affirmative Defenses (Doc Nos. 54-55, "Motion to Strike").

8.      The Commission objects to the Requests because they seek an overwhelming amount of documents that are either irrelevant to this action or already in the possession of Alpine. This is a books and records action that concerns almost exclusively Alpine's records. Alpine has copies of these records. Records generated by the Commission during its investigation are not relevant and protected by one or more privileges. Records generated by third parties are largely not relevant and the records that are relevant are already in Alpine's possession, namely correspondence from FINRA advising Alpine about its deficient filings. These records are relevant to show their effect on Alpine—the underlying analysis and work to prepare the correspondence are not relevant to Alpine's compliance with the Bank Secrecy Act and, in any event, should be

2

ALPINE_LIT167439

requested directly from those third parties. In short, there are very few records that are arguably relevant to the claims in this case that Alpine does not already have in its possession. The scope of the Requests is not proportionate to Alpine's genuine needs in this case.

9.      The Commission objects to the time stated for production as being unreasonable and not proportional to the needs of the case. The requested documents are voluminous and will require additional time for removal or redaction of privileged information or information otherwise protected by law from disclosure. Accordingly, the Commission will produce non-privileged documents responsive to the Requests, as described herein, on a rolling basis.

10.     These General Objections and the Responses below are based upon information now available to the Commission. The Commission reserves the right to supplement, amend, correct, and/or clarify its responses and objections.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all documents identified in, and used to compile, Table A. To the extent that some or all of the documents responsive to this request have been previously produced in this Action, please identify the **SEC's Bates Numbers** from the previous production identifying the documents listed on Table A, and/or other responsive documents.

*Response.* Subject to the General Objections, the Commission states that this request seeks copies of Alpine's own records and, in any event, the Commission has already provided the documents responsive to this request by sending copies of these materials back to Alpine. Alpine labeled these documents with its own set of bates numbers, which are listed in Table A and appear on the copies sent back to Alpine. Alpine can identify documents with these numbers and has already done so. The Commission does not have the burden to identify the documents a second time with a new set of numbers, but has done so. These numbers can be found in the metadata of each file produced by the Commission in this litigation. Alpine is encouraged to contact the

3

ALPINE_LIT167440

undersigned with any technical questions regarding access to the identifying numbers in the metadata.

**REQUEST NO. 2**: Produce all documents identified in, and used to compile, Table B, including but not limited to any transaction report, blotter, or trading report reviewed or used in preparing Table B. To the extent that some or all of the documents responsive to this request have been previously produced in this Action, please identify the **SEC's Bates Numbers** from the previous production identifying the documents listed on Table B, and/or other responsive documents.

Response. Subject to the General Objections, the Commission states that this request seeks copies of Alpine's own records and, in any event, the Commission has already provided the documents responsive to this request by sending copies of these materials back to Alpine. The Commission reproduced Alpine's blotter information used to generate Table B in response to an informal request by Alpine in native format, *see* ALPINE_SUPP_PROD_SEC 00038251.xlsx and ALPINE_SUPP_PROD_SEC 00038252.xlsx.

**REQUEST NO. 3**: Produce all documents identified in, and used to compile, Table C. To the extent that some or all of the documents responsive to this request have been previously produced in this Action, please identify the **SEC's Bates Numbers** from the previous production identifying the documents listed on Table C, and/or other responsive documents.

Response. Subject to the General Objections, the Commission states that this request seeks copies of Alpine's own records and, in any event, the Commission has already provided the documents responsive to this request by sending copies of these materials back to Alpine. Alpine labeled these documents with its own set of bates numbers, which are listed in Table C and appear on the copies sent back to Alpine. Alpine can identify documents with these numbers and has already done so. The Commission does not have the burden to identify the documents a second

4

ALPINE_LIT167441

time with a new set of numbers, but has done so. These numbers can be found in the metadata of each file produced by the Commission in this litigation. Alpine is encouraged to contact the undersigned with any technical questions regarding access to the identifying numbers in the metadata.

**REQUEST NO. 4**: Produce all documents identified in, and used to compile, Table D. To the extent that some or all of the documents responsive to this request have been previously produced in this Action, please identify the **SEC's Bates Numbers** from the previous production identifying the documents listed on Table D, and/or other responsive documents.

Response. Subject to the General Objections, the Commission states that this request seeks copies of Alpine's own records and, in any event, the Commission has already provided the documents responsive to this request by sending copies of these materials back to Alpine. Alpine labeled these documents with its own set of bates numbers, which are listed in Table D and appear on the copies sent back to Alpine. Alpine can identify documents with these numbers and has already done so. The Commission does not have the burden to identify the documents a second time with a new set of numbers, but has done so. These numbers can be found in the metadata of each file produced by the Commission in this litigation. Alpine is encouraged to contact the undersigned with any technical questions regarding access to the identifying numbers in the metadata.

**REQUEST NO. 5**: Produce all documents identified in, and used to compile, Table E. To the extent that some or all of the documents responsive to this request have been previously produced in this Action, please identify the **SEC's Bates Numbers** from the previous production identifying the documents listed on Table E, and/or other responsive documents.

Response. Subject to the General Objections, the Commission states that this request seeks copies of Alpine's own records and, in any event, the Commission has already provided the

5

ALPINE_LIT167442

documents responsive to this request by sending copies of these materials back to Alpine. Alpine labeled these documents with its own set of bates numbers, which are listed in Table E and appear on the copies sent back to Alpine. Alpine can identify documents with these numbers and has already done so. The Commission does not have the burden to identify the documents a second time with a new set of numbers, but has done so. These numbers can be found in the metadata of each file produced by the Commission in this litigation. Alpine is encouraged to contact the undersigned with any technical questions regarding access to the identifying numbers in the metadata.

    **REQUEST NO. 6:** Produce all documents identified in, and used to compile, Table F. To the extent that some or all of the documents responsive to this request have been previously produced in this Action, please identify the **SEC's Bates Numbers** from the previous production identifying the documents listed on Table F, and/or other responsive documents

    **Response.** Subject to the General Objections, the Commission states that this request seeks copies of Alpine's own records and, in any event, the Commission has already provided the documents responsive to this request by sending copies of these materials back to Alpine. Alpine labeled these documents with its own set of bates numbers, which are listed in Table F and appear on the copies sent back to Alpine. Alpine can identify documents with these numbers and has already done so. The Commission does not have the burden to identify the documents a second time with a new set of numbers, but has done so. These numbers can be found in the metadata of each file produced by the Commission in this litigation. Alpine is encouraged to contact the undersigned with any technical questions regarding access to the identifying numbers in the metadata.

    **REQUEST NO. 7:** Produce any and all documents, including but not limited to communications, notes, memoranda, statements, affidavits and/or declarations, regarding or

ALPINE_LIT167443

relating to an Interviewee.

Response.  In addition to the General Objections, the Commission objects to this interrogatory as it purports to require the Commission to disclose information protected from disclosure by the work-product doctrine and the law enforcement privilege. The identity of witnesses that attorneys for the Commission decided to interview during its investigation is protected by the work-product doctrine, as are the notes and memoranda generated by attorneys for the Commission in connection with the interviews. Additionally, the identity of such witnesses and the identity of law enforcement personnel/agencies in attendance at such interviews, if applicable, is information protected by the law enforcement privilege which protects, among other things, disclosure of law enforcement techniques and procedures, safeguards the privacy of individuals involved in an investigation, and otherwise prevents interference with an investigation. *See, e.g., In re Department of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988) ("The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."). Disclosure of the notes and memoranda generated by Commission attorneys in connection with its investigation would disclose law enforcement techniques and procedures. Additionally, the request is not proportional to the needs of the case when taking into account the irrelevance of such information.

Subject to these objections and the General Objections and privileges asserted in the Commission's privilege log dated November 28, 2017, and pursuant to Local Rule 26.2(c), the Commission states that its attorneys created a group of notes and memoranda responsive to this request at or about the time of each interview. The 23 interviews for which the Commission created records responsive to this request occurred between September 4, 2015 and November 17,

7

ALPINE_LIT167444

2016. Consistent with the Commission's objection to Alpine's Interrogatory No. 12, disclosure of the Interviewees would disclose privileged information as would the author of the responsive notes and memoranda. It is sufficient for purposes of this claim for privilege to identify the author(s) as Commission attorneys working on the investigation. The sufficiency of the privilege claim does not turn on the particular identity or job title of the authors because each of the authors are Commission attorneys or personnel working at their direction. *S.E.C. v. Cavanagh,* 1998 WL 132842, at *2 (S.D.N.Y. Mar. 23, 1998) ("[N]otes . . . taken by SEC attorneys during interviews that, although they preceded the formal initiation of this litigation, were conducted 'in order to provide the Commission with information so that it could make the determination whether to proceed with litigation in this matter[,]' . . . fall[] squarely within the protections of the work-product doctrine."); *S.E.C. v. Stanard,* No. 06 CIV. 7736 (GEL), 2007 WL 1834709, *2 (S.D.N.Y. June 26, 2007) (interviews conducted by SEC staff were "conducted in order to determine whether to initiate litigation" and therefore the interview notes received protection as work product); *S.E.C. v. Treadway,* 229 F.R.D. 454, 455-56 (S.D.N.Y. 2005) (SEC attorney notes of pre-litigation witness interviews during formal investigation constitute work product); *S.E.C. v. Downe,* No. 92 CIV. 4092 (PKL), 1994 WL 23141, at *2 (S.D.N.Y. Jan. 27, 1994) ("'The existence of an active investigation, therefore, is strong circumstantial evidence that the agency lawyer prepared the document with future 'litigation in mind.'") (quoting *Safecard Servs., Inc. v. S.E.C.,* 926 F.2d 1197, 1202 (D.C. Cir. 1991)).

**REQUEST NO. 8:** Produce any and all documents from you, FinCEN, any other governmental agency, or any SRO, which includes any analysis of the SARs which are the subject of this Action.

**Response.** In addition to the General Objections, the Commission objects to this request because it seeks analyses that are not relevant and fall within the law enforcement privilege which

ALPINE_LIT167445

protects, among other things, disclosure of law enforcement techniques and procedures, safeguards the privacy of individuals involved in an investigation, and otherwise prevents interference with an investigation. *See, e.g., In re Department of Investigation of City of New York,* 856 F.2d 481, 484 (2d Cir. 1988) ("The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."). The response also seeks materials protected by the work product doctrine and deliberative process privilege.

The only plausible relevance responsive analyses have to the pleadings is their tenuous connection to the equitable affirmative defenses that should be stricken for the reasons set forth in the Motion to Strike. The issue in this case—Alpine's compliance with chapter X of title 31 of the Code of Federal Regulations (the Bank Secrecy Act implementing regulations)—has nothing to do with the content or existence of prior analyses of Alpine's filings. Specifically, even if the requested analyses were not privileged, the analyses do not make it more or less likely that (i) Alpine omitted material information from SARs, (ii) Alpine failed to file SARs on suspicious liquidation transaction, (iii) Alpine filed untimely SARs, or (iv) Alpine failed to maintain support files for SARs. Prior analyses of SARs have no bearing on whether Alpine's records complied with the BSA.

Subject to the foregoing and General Objections, the Commission states that it will produce all non-privileged documents received from FINRA in the Commission's possession responsive to this request. In accordance with Section 24(f) of the Exchange Act [15 U.S.C. § 78x(f)], FINRA is currently conducting a privilege review of over 2.2 million pages of responsive documents.

Without waiving any objections, the Commission also states that it will produce non-privileged records generated during its own exam of Alpine during the relevant time period. The

9

ALPINE_LIT167446

Commission will withhold privileged records generated and transmitted among Commission staff as described in the Commission's Privilege Log dated November 28, 2017. Records created for the exam and used internally by the exam staff reflect advisory opinions, recommendations, and deliberations which are part of a process through which the Commission renders decisions and creates policies.  They are protected by the deliberative process privilege and the law enforcement privilege.

Finally, the Commission states that its staff reviews SARs filed by broker-dealers like Alpine pursuant to the very type of techniques and procedures the law enforcement privilege is designed to protect form disclosure. Any documents containing an analysis of a SAR filed by Alpine are kept internal and confidential, and would also constitute work product. These documents would be protected by the deliberative process privilege and the law enforcement privilege. Further, as described above, any analysis of Alpine SARs pursuant to these techniques and procedures cannot be relevant to the issue whether Alpine's filings were deficient. Under these circumstances, it would be unduly burdensome and expensive for the Commission to search for responsive documents only to list them in a privilege log. Before engaging in this wasteful effort the Commission will confer with Alpine to explore whether there is a particularized need for these materials.

<u>**REQUEST NO. 9**</u>:  Produce any and all documents from you, FinCEN, any other governmental agency, or any SRO that includes any analysis of any of the SARs that are the subject of this Action *at the time the SARs were initially filed.*

<u>Response</u>.  The Commission repeats the objections and response to Request No. 8. In addition, the Commission objects to the premise of this request that an analysis of SARs "at the time the SARs were initially filed" has any relevance to the disputes in this case, which do not turn on an analysis at the time the SARs were filed. Alpine's records are deficient regardless of any

10

ALPINE_LIT167447

impressions drawn from the records at the time they were filed.

**REQUEST NO. 10:** Produce any and all documents that reflect communications between you and FinCEN, any other governmental agency, or any SRO regarding deficiencies in any SARs filed by Alpine that are at issue in this Action.

**Response.** In addition to the General Objections, the Commission objects to this request because it seeks communications that are not relevant and fall within the law enforcement privilege which protects, among other things, disclosure of law enforcement techniques and procedures, safeguards the privacy of individuals involved in an investigation, and otherwise prevents interference with an investigation. *See, e.g., In re Department of Investigation of City of New York,* 856 F.2d 481, 484 (2d Cir. 1988) ("The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.").

The Commission also objects to this request because it seeks irrelevant information. The only plausible relevance these communications have to the pleadings is their tenuous connection to the equitable affirmative defenses that should be stricken for the reasons set forth in the Motion to Strike. The issue in this case—Alpine's compliance with chapter X of title 31 of the Code of Federal Regulations (the Bank Secrecy Act implementing regulations)—has nothing to do with the content or existence of the Commission's communications with law enforcement agencies. Specifically, even if the communications were not privileged, the Commission's communications with law enforcement agencies (or anyone) do not make it more or less likely that Alpine omitted material information from SARs, that Alpine failed to file SARs on suspicious liquidation transaction, that Alpine filed untimely SARs, or that Alpine failed to maintain support files for SARs. Nor would the communications lead to the discovery of admissible evidence. In short, a

11

ALPINE_LIT167448

substantive analysis shared with another government agency or FINRA is protected by the law enforcement privilege, the work product doctrine, the investigative files privilege, and Section 24(f) of the Securities Exchange Act.

Similarly, the SEC objects to this request to the extent that it seeks the production of non-substantive communications between the Commission and the persons or entities listed in this request because such information is protected by the work product doctrine, the burden of segregating such documents from among the privileged materials would be unduly burdensome, and the information is not sufficiently relevant to any claim or defense, and therefore is not proportional to the needs of the case.

Subject to the foregoing and General Objections, the Commission states that it has possession of no "communications between [the Commission] and FinCEN, any other governmental agency, or any SRO regarding deficiencies in any SARs filed by Alpine that are at issue in this Action." The Commission will produce non-privileged records it received from FINRA as described in response to Request No. 8, above.

**REQUEST NO. 11:** Produce any and all documents that reflect requests from FinCEN, any other governmental agency, or any SRO to Alpine for follow-up or additional information with respect to any SAR filed by Alpine.

**Response.** Please see response to Request No. 10, which is incorporated into this response.

**REQUEST NO. 12:** Produce any and all documents that reflect communications from the SEC, FinCEN, any other governmental agency, or any SRO to Alpine asserting that any of Alpine's SARs that are at issue in this Action were deficient *at the time the SAR was initially filed.*

**Response.** Please see response to Request No. 10, which is incorporated into this response.

**REQUEST NO. 13:** Produce any and all documents that reflect communications from the SEC, FinCEN, any other governmental agency, or any SRO to Alpine asserting that any of

12

ALPINE_LIT167449

Alpine's SARs that are the subject of this Action were deficient at any point in time *after the SAR was initially filed.*

    <u>Response.</u>  Please see response to Request No. 10, which is incorporated into this response.

    <u>**REQUEST NO. 14**</u>:  Produce any and all documents that relate to your allegations in Paragraph 4 of the Complaint that Alpine's conduct "deprived U.S. regulators of key financial intelligence" and prevented or impeded "U.S. regulators and law enforcement" in their scrutiny of "illicit actors."

    <u>Response.</u>  Subject to the General Objections, the Commission states that it has produced responsive documents, specifically the documents referenced in Tables A-F. The failure to adequately describe factors in a SAR that made the underlying transaction or activity suspicious undermines the very purpose of the SAR and lessens its usefulness to law enforcement. *See Guidance on Preparing a Complete & Sufficient Suspicious Activity Report Narrative* (November 2003) at 1; *see also* 31 U.S.C. § 5311 (the purpose of the Bank Secrecy Act is to require reports useful in criminal, tax, or regulatory investigations or in the conduct of intelligence activities to protect against international terrorism). The Commission also refers to Alpine's customer files for the following illustrative list of individuals and entities mentioned in the documents already produced by the Commission and also in the possession of Alpine: Gibraltar Global Securities Inc., Legacy Global Markets, Caledonian Bank, Titan International Securities, Clear Water Securities, Phil Kueber, Ira Shapiro, AGS Capital Group, Curt Kramer, Stephen Hicks, David Foley, Big Apple Consulting, John Fife, and Raymond Kripaitis.

    <u>**REQUEST  NO.  15**</u>:  Produce any and all documents that relate to your allegations in Paragraph 1 of the Complaint that "many" of the deposits of microcap securities cleared by Alpine since 2011 "were used as part of various stock manipulation and other schemes."

    <u>Response.</u>  See response to Request No. 14.

13

ALPINE_LIT167450

**REQUEST NO. 16**: Produce any and all documents that relate to your allegations in Paragraph 15 of the Complaint that "[m]any Scottsdale and Alpine customers have been charged with violations of the federal securities laws, including violations relating to transactions cleared through Alpine," and in Paragraph 26 of the Complaint that "[m]any of Scottsdale customers . . . have been charged by the Commission for improper conduct relating to transactions that cleared through Alpine."

Response. See response to Request No. 14.

**REQUEST NO. 17**: Produce any and all documents that relate to your allegations in Paragraph 27 of the Complaint that Alpine "facilitates and enables illicit financial activity."

Response. See response to Request No. 14.

**REQUEST NO. 18**: Produce any and all documents regarding alleged failures on the part of Leia Farmer, Todd Groskreutz, Betsy Farmer, and any other individual referenced in the Declaration of L. James Lyman, filed in this action on August 25, 2017, Dkt. No. 30-1, to create or implement a meaningful anti-money laundering ("AML") or Bank Secrecy Act ("BSA") compliance program.

Response. Subject to the General Objections, the Commission states that it has produced responsive documents, specifically the documents referenced in Tables A-F.

**REQUEST NO. 19**: Produce any and all SARs filed by any broker dealer, or any financial institution, with respect to the transactions that are the subject of the SARs at issue in the Complaint or which are the subject of this Action.

Response. Subject to the General Objections, the Commission states that it has produced responsive documents, specifically the documents referenced in Tables A-F.

**REQUEST NO. 20**: Produce any and all documents from you, FinCEN, or any other agency or SRO, which reflects any review or analysis of the SARs filed by any broker dealer, or

14

ALPINE_LIT167451

any financial institution, with respect to the transactions at issue in the Complaint or which are the subject of this Action.

Response. Please see response to Request No. 8.

REQUEST NO. 21: Produce all documents that constitute binding or authoritative guidance provided or available to Alpine regarding the completion of SARs.

Response. In addition to the General Objections, the Commission objects to this request because it seeks documents generated by third parties and that are in (or should be in) the possession of Alpine. Binding or authoritative guidance regarding the BSA implementing regulations are functionally legal sources like statutes or regulations. This request is therefore the akin to a contention interrogatory prohibited by Local Rule 33.3.

Subject to the foregoing and General Objections, the Commission refers to the publicly available websites maintained by FinCEN at https://www.fincen.gov/resources, and FINRA at http://www.finra.org/industry/rules-and-guidance.

REQUEST NO. 22: Produce all documents that support or otherwise relate to the penalties you seek in this Action, including but not limited to the methodology or means by which you calculate or intend to calculate such penalties.

Response. In addition to the General Objections, the Commission further objects to this request because it seeks support for the equitable defenses that should be stricken pursuant to the Motion to Strike and the related allegations that the pursuit of penalties authorized by Congress is evidence of bad faith. Subject to the foregoing objections, the Commission incorporates its Rule 26(a)(1) Initial Disclosures and documents previously produced in this action, including the documents referenced in Tables A-F, and objects to the extent this Request seeks information beyond that provided in the Commission's Initial Disclosures as premature.

REQUEST NO. 23: Produce all documents that reflect any actions taken by the SEC,

15

ALPINE_LIT167452

FINRA or other SRO, FinCEN, or any other governmental agency or regulatory authority with respect to any of the SARs or other transactions that are at issue in this Action, including but not limited to any enforcement actions filed in a federal or state court or as an administrative proceeding.

Response. In addition to the General Objections, the Commission objects to this request because it seeks a potentially limitless amount of irrelevant material, most of which is not in the possession of the Commission. The issue in this case—Alpine's compliance with chapter X of title 31 of the Code of Federal Regulations (the Bank Secrecy Act implementing regulations)—has nothing to do with enforcement actions filed against Alpine's customers or the issuers mentioned in Alpine's files. Specifically, nothing about other enforcement actions make it more or less likely that (i) Alpine omitted material information from SARs, (ii) Alpine failed to file SARs on suspicious liquidation transaction, (iii) Alpine filed untimely SARs, or (iv) Alpine failed to maintain support files for SARs. These are issues for the Court and jury to decide in this case, and other enforcement actions have no bearing on these decisions.

Subject to the foregoing and General Objections, the Commission refers to the publicly available files connected to the following list of illustrative enforcement actions: *SEC v. Gibraltar Global Securities Inc. and Warren A. Davis*, Civil Action No. 13 Civ 2575 (S.D.N.Y.); *SEC v. Caledonian Bank, Ltd.*, Civil Action No. 15 Civ 00894 (S.D.N.Y); *United States v. Robert Bandfield*, Cr. No. 14-CR-476 (E.D.N.Y.); *SEC v. Caledonian Bank, Ltd.*, Civil Action No. 15 Civ 00894 (S.D.N.Y); *United States v. Robert Bandfield*, Cr. No. 14-CR-476 (E.D.N.Y.); *SEC v. Caledonian Bank, Ltd.*, Civil Action No. 15 Civ 00894 (S.D.N.Y); *SEC v. Philip Thomas Kueber*, Civil Action No. 15-cv-4479 (E.D.N.Y.); *SEC v. Abraxas J. Discala*, Civil Action No. 14-cv-4346 (E.D.N.Y.); *SEC v. Southridge Capital Management LLC*, Case No. 10-cv-10685 (D. Conn.); *United States v. David Russell Foley*, 09-cr-00670 (N.D. Cal.); *SEC v. Big Apple Consulting USA,*

16

ALPINE_LIT167453

Civil Action No. 09-cv-1963 (M.D. Fla.); *SEC v. John Fife*, Civil Action No. 07-cv-347 (N.D. Ill.); *SEC v. Raymond R. Kripaitis*, Admin. Proc. No. 3-9974; *In the Matter of Global Fixed Income*, Admin. Proc. No. 3-16460); *In the Matter of Curt Kramer*, Admin Proc. No. 3-15621.

<u>**REQUEST NO. 24**</u>: Produce all documents that you have received from any third parties in connection with your investigation of Alpine in this matter and/or in connection with this Action, including but not limited to all documents received from any customers of Alpine; former officers, employees, or agents of Alpine; any broker dealers or financial institutions; or any governmental agency, regulatory authority or SRO.

<u>Response</u>. In addition the General Objections, the Commission objects to this request because it seeks an overwhelming amount of documents that are either irrelevant to this action or already in the possession of Alpine. This is a books and records action that concerns almost exclusively Alpine's records. Alpine has copies of these records. Records generated by the Commission during its investigation are not relevant and protected by one or more privileges. Records generated by third parties are largely not relevant and the records that are relevant are already in Alpine's possession, namely correspondence from FINRA advising Alpine about its deficient filings. These records are relevant to show their effect on Alpine—the underlying analysis and work to prepare the correspondence are not relevant and, in any event, should be requested directly from those third parties. In short, there are very few records that are arguably relevant to the claims in this case that Alpine does not already have in its possession. The scope of the Requests is not proportionate to Alpine's genuine needs in this case.

Subject to the foregoing and General Objections, the Commission will produce records in its possession generated by FINRA after FINRA completes a privilege review of over 2.2 million pages of documents, many of which are documents that Alpine already has in its possession. The Commission also will produce documents it received from Scottsdale, John Hurry, and the Cayman

17

ALPINE_LIT167454

Islands Monetary Authority.

**REQUEST NO. 25:**  Produce any and all documents created, used or referenced in connection with the preparation of the Declaration of L. James Lyman, filed in this action on August 25, 2017, Dkt. No. 30-1.

Response.  In addition to the General Objections, the Commission objects to this request to the extent it seeks witness interview notes protected by the law enforcement privilege and the attorney work product doctrine. *See* Response to Request 7, above. The Commission has no non-privileged records responsive to this request.

**REQUEST NO. 26:**  Produce all documents reflecting any grants of authority to you from FinCEN, the United States Department of the Treasury, or other governmental authority to pursue an enforcement action, including but not limited to seeking penalties or other remedies, for violations of the BSA against broker dealers or other financial institutions, including but not limited to the instant Action against Alpine.

Response. The Commission objects to the premise of this request that the Commission needs or solicits authority from other governmental agencies to enforce Section 17(a) of the Securities Exchange Act and Rule 17a-8 thereunder. Subject to the foregoing, the Commission states that it possesses no "documents reflecting any grants of authority to you from FinCEN, the United States Department of the Treasury, or other governmental authority to pursue an enforcement action, including but not limited to seeking penalties or other remedies, for violations of the BSA against broker dealers or other financial institutions, including but not limited to the instant Action against Alpine" aside from the Securities Exchange Act and Rules promulgated thereunder.

**REQUEST NO. 27:**  Produce all documents reviewed or referenced  in responding to Alpine's discovery requests in this case, including but not limited to, Alpine First Set of

18

ALPINE_LIT167455

Interrogatories served on October 6, 2017.

Response.  The Commission refers to documents described in these responses and documents described in the Commission's initial disclosures, and records in Alpine's possession.

REQUEST NO. 28:  Produce all documents discussing, describing, referring, concerning, relating to, supporting or detracting in any way from the allegations of the Complaint.

Response.  In addition to the General Objections, the Commission objects to the phrase "supporting or detracting in any way" as vague and impermissibly broad. Subject to the foregoing and General Objections, the Commission refers to documents described in these responses and documents described in the Commission's initial disclosures, and records in Alpine's possession.

Dated November 28, 2017

Respectfully submitted,

_s/ Terry R. Miller_
Zachary T. Carlyle
Terry R. Miller
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

19

ALPINE_LIT167456

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2017, the foregoing has been served upon the following counsel of record via email:

Brent R. Baker (BB 8285)
Aaron D. Lebenta (*Pro Hac Vice*)
Jonathan D. Bletzacker (*Pro Hac Vice*)
**CLYDE SNOW & SESSIONS**
One Utah Center
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
Facsimile 801.521.6280
Email: brb@clydesnow.com
         adl@clydesnow.com
         jdb@clydesnow.com

Maranda E. Fritz
Thompson Hine LLP
335 Madison Ave., 12th Floor
New York, New York 10017-4611
Email: Maranda.Fritz@thompsonhine.com

Mark L. Smith (Pro Hac Vice)
Smith Correll, LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
Email: msmith@smithcorrell.com

/s/ Terry R. Miller

20

ALPINE_LIT167457

**SECURITIES AND EXCHANGE COMMISSION'S**
**PRIVILEGE LOG**
November 28, 2017
*SEC v. Alpine Securities Corp., et al.*
Case No. 17-cv-4179 (DLC) (SDNY)

| Category No. | Document Date(s) | Description Of Documents Or Categories Of Documents[1] | Authors And Recipients[1] | Privilege Asserted, Or Other Reason For Withholding Or Not Producing[2] |
|---|---|---|---|---|
| 1 | Approximately February 4, 2015 to present | *SEC Internal Work Product From Its Investigation and Litigation of This Matter.* <br><br> SEC internal documents prepared in anticipation of litigation or for trial, or for the purpose of seeking or providing legal advice, or including pre-decisional deliberations on actions that might be taken with regard to this case and the investigation that preceded it, including memoranda, outlines, notes, drafts, summaries, research, analyses, reports, charts and spreadsheets, internal forms, emails, voice-mails and other forms of communication, compilations of materials, presentations, notes or memoranda of conversations, and calendars. These documents include | Authored and transmitted by and among SEC Division of Enforcement attorneys, officials and personnel (or contractors) assisting them, including but not limited to Zachary Caryle, Terry Miller, Gregory Kasper, L. James Lyman, and Ian Karpel and personnel from other SEC Divisions or Offices, including the Office of Compliance, Inspections, and Examinations ("OCIE"), Division of Trading and Markets ("TM"), Division of Economic and Risk Analysis ("DERA"), and Office of International Affairs ("OIA"). | WP, AC, DP, LE, IF, Common Interest |

[1] Items listed in this privilege log might also have been shared internally with other SEC staff who are not necessarily listed here.
[2] this index contains assertions of, among other privileges and protections, the Attorney-Client Privilege ("AC"), Work Product Protection ("WP") (including protection under Rule 26(b)(3)(A) and (B), and the common law work product doctrine), Deliberative Process Privilege ("DP"), Law Enforcement Privilege ("LE"), Investigative Files Privilege ("IF") (of securities regulators and securities exchanges), and Common Interest Privilege ("Common Interest").

| Category No. | Document Date(s) | Description Of Documents Or Categories Of Documents | Authors And Recipients[1] | Privilege Asserted, Or Other Reason For Withholding Or Not Producing[2] |
|---|---|---|---|---|
| | | analyses of the SARs that are subject to this case and notes and memoranda from witness interviews.<br><br>The documents reflect internal communications, opinions, mental impressions, and gathering of information by SEC attorneys, officials and personnel (or contractors) assisting them in evaluating possible violations of securities laws and rules, and possible claims to be filed. The documents also reflect the SEC's communications with other securities regulators, securities exchanges and law enforcement authorities regarding possible violations of laws and rules, and possible claims to be filed. | The documents were distributed only within the SEC. | |
| 2 | June 2014 through April 2015 | *SEC Internal Examination Documents.*<br><br>Internal documents of SEC examination staff within OCIE regarding examination and surveillance practices and procedures, including Examination planning documents outlining exam scope and planning procedures for the exam team, examination control sheets summarizing purpose of review area, documents used to conduct the review, key procedures performed and guidelines utilized, and | Authored and transmitted by and among OCIE staff, including the Lead Examiner, the Examination Manager, the Assistant Regional Director, and/or Regulatory Counsel<br><br>The documents were distributed only within the SEC. | DP, LE |

ALPINE_LIT167459

| Category No. | Document Date(s) | Description Of Documents Or Categories Of Documents | Authors And Recipients[1] | Privilege Asserted, Or Other Reason For Withholding Or Not Producing[2] |
|---|---|---|---|---|
| | | summary of examination findings, notes of interviews of Alpine's staff regarding individual SAR filings (or non-filings), examination workpapers analyzing individual SAR filings (or non-filings) by Alpine to determine adequacy and timeliness of filing under relevant law, memorandum from examination team to SEC enforcement referring examination findings regarding deficient SAR filings and analyzing relevant law, and emails discussing exam planning, examination findings, and relevant legal and regulatory guidance. | | |
| 3 | Approximately April 25, 2015 to present | *Communications Between the SEC and Other Securities Regulators*<br><br>Requests for information, memoranda, letters or other communications or work product prepared in anticipation of litigation or for trial, and exchanged between the SEC and other securities regulators or securities exchanges, regarding trading by defendants, those associated with the defendants, or others, on the issue of whether such trading may violate securities laws, or rules of the securities regulators. These documents also reflect investigatory or surveillance | SEC attorneys, officials and personnel (or contractors) assisting them, including but not limited to Zachary Caryle, Terry Miller, Gregory Kasper, L. James Lyman, and Ian Karpel.<br><br>Attorneys, officials and personnel (or contractors) assisting them from the Financial Industry Regulatory Authority ("FINRA"). | LE, IF, WP, Common Interest, Section 24(f) of the Securities Exchange Act of 1934 ("Exchange Act") |

ALPINE_LIT167460

| Category No. | Document Date(s) | Description Of Documents Or Categories Of Documents | Authors And Recipients[1] | Privilege Asserted, Or Other Reason For Withholding Or Not Producing[2] |
|---|---|---|---|---|
| | | techniques or procedures for detecting violations of securities laws or applicable rules. | | |
| 4 | Approximately February 24, 2015 to present | *Other U.S. Government Agency Communications.*<br><br>Requests for information, memoranda, letters or other communications or work product prepared in anticipation of litigation or for trial, and exchanged between the SEC and other United States government agencies, including law enforcement agencies, regarding Alpine's compliance with the Bank Secrecy Act implementing regulations. | SEC attorneys, officials, and personnel (or contractors) assisting them, including Lincoln J. Lyman, Ian Karpel, and Zachary Carlyle.<br><br>Attorneys, officials and personnel (or contractors) assisting them from the U.S. Attorney's Office for the Southern District of New York, Federal Bureau of Investigation, and U.S. Department of Homeland and Security.<br><br>Attorneys, officials, and personnel (or contractors) assisting them from the Financial Crimes Enforcement Network. | LE, WP, Common Interest, Exchange Act Sections 24(d) and (f) |

ALPINE_LIT167461

| Category No. | Document Date(s) | Description Of Documents Or Categories Of Documents | Authors And Recipients[1] | Privilege Asserted, Or Other Reason For Withholding Or Not Producing[2] |
|---|---|---|---|---|
| 5 | Various | *Testifying Experts.* <br><br> Communications, drafts of reports, and related documents and information regarding experts who might be expected to testify in this matter. | SEC attorneys, officials and personnel (or contractors) assisting them, including Zachary Carlyle, Terry Miller, and Lincoln J. Lyman, potential testifying experts and personnel assisting them. | WP, FRCP 26(b)(4)(D), and the Court's orders dated September 15, 2017 and November 2, 2017 |

ALPINE_LIT167462