Matthew S. Ferguson (*Pro Hac Vice*)
fergusonma@sec.gov
Senior Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Mail Stop 9612 SP1
Washington, DC  20549
Tel. 202-551-3840

Amy J. Oliver (8785)
olivera@sec.gov
Daniel J. Wadley (10358)
wadleyd@sec.gov
U.S. Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel. 801-524-5796

Attorneys for Defendant
United States Securities and Exchange Commission

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALPINE SECURITIES CORPORATION, a Utah corporation, and SCOTTSDALE CAPITAL ADVISORS, an Arizona Corporation, <br><br>PLAINTIFFS, <br><br> v. <br><br> SECURITIES AND EXCHANGE COMMISSION, <br><br> DEFENDANT. | **DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS** <br><br> Case No.:  2:18cv00504-CW <br><br> Judge: Clark Waddoups |

Defendant the Securities and Exchange Commission moves to stay proceedings in this

case while the U.S. District Court for the Southern District of New York decides whether to

enjoin Plaintiffs Alpine Securities Corporation and Scottsdale Capital Advisors from prosecuting

this suit.  The Commission has asked the New York court to enjoin Plaintiffs because their

complaint asserts claims that are functionally identical to arguments that the New York court has

already rejected in a Commission enforcement proceeding that has been ongoing for more than a

year, as well as to arguments that Alpine has made in a mandamus petition currently pending

before the Court of Appeals for the Second Circuit.  This Court should halt any further action in

this second-in-time case while the New York court decides whether to grant the Commission's

motion.

## BACKGROUND

On June 5, 2017, the Commission filed a civil enforcement action against Alpine, a

registered broker-dealer, in the Southern District of New York.  Complaint & Jury Demand, Dkt.

No. 1, *SEC v. Alpine Securities Corp.*, No. 17-cv-4179 (S.D.N.Y. filed June 5, 2017) ("SDNY

Action"), attached as Exhibit 1.  The Commission alleged that Alpine violated Section 17(a) of

the Securities Exchange Act, 15 U.S.C. § 78q(a), and Exchange Act Rule 17a-8, 17 C.F.R.

§ 240.17a-8, by failing to file suspicious activity reports (SARs) required by Treasury

Department regulations implementing the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*;

filing deficient SARs; and failing to maintain or retain required SAR documentation.  *Id*. at 18-

19, ¶¶ 44-47.  The Commission identified Plaintiff Scottsdale Capital Advisors, another

registered broker-dealer, as a related relevant entity under common ownership with Alpine.  *Id*.

at 5-6, ¶¶ 9-10.  The Commission is seeking relief against Alpine in the form of an injunction

against further violations of the relevant securities laws, civil monetary penalties, and any other

relief the district court deems appropriate.  *Id*. at 19-20.

On August 3, 2017, Alpine moved to dismiss the SDNY Action under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, or to transfer venue to this Court under 28 U.S.C. § 1404(a).  The New York court denied that motion on September 15, 2017.

On December 6, 2017, the Commission moved for partial summary judgment on liability in the SDNY Action.  Mot. for Part. S.J., Dkt. No. 68; Mem. Of Law in Supp. of Part. S.J. at 2, SDNY Action, Dkt. No. 74.  Alpine then cross-moved for summary judgment or for judgment on the pleadings, arguing that (i) the Commission lacked statutory authority to pursue the alleged SAR violations; (ii) Rule 17a-8 is an impermissible interpretation of the Exchange Act; and (iii) the Commission could not enforce Rule 17a-8 against Alpine because it had not complied with notice-and-comment rulemaking procedures required by the Administrative Procedure Act, 5 U.S.C. § 553.  Mem. of Law in Supp. of Cross-Mot. for S.J. and Mot. for J. on the Pleadings at 1-4, SDNY Action, Dkt. No. 84, attached as Exhibit 2.

The New York court granted the Commission's motion in part and denied Alpine's cross-motion.  *SEC v. Alpine Securities Corp.*, __ F. Supp. 3d __, No. 17-cv-4179, 2018 WL 1633818 (S.D.N.Y. Mar. 30, 2018), attached as Exhibit 3.  In addressing Alpine's arguments, the court held that (i) the Commission had authority to pursue SAR violations under the Exchange Act; (ii) Rule 17a-8 was a permissible interpretation of the Exchange Act and thus entitled to *Chevron* deference; and (iii) the Commission was not required to engage in notice-and-comment rulemaking before enforcing Rule 17a-8 against Alpine.  *Id.* at *14-16.  Alpine subsequently moved for reconsideration of that ruling, or alternatively for certification to seek interlocutory review by the Second Circuit.  The New York court denied both requests on June 18, 2018. Mem. Op. & Order, SDNY Action, Dkt. No. 129 ("Reconsideration Order"), attached as Exhibit 4.

A few days later, on June 22, 2018, Alpine petitioned the Second Circuit for a writ of mandamus "compelling the dismissal of the SEC's use of Rule 17a-8 to pursue alleged violations of the SARS provisions of the BSA."  Pet. for Writ of Mandamus at 29, *In re Alpine Securities Corp.*, No. 18-1875 (2d Cir. filed June 22, 2018) ("Mandamus Petition"), attached as <u>Exhibit 5</u>. That petition remains pending, as do the proceedings in the Southern District of New York.

On the same day Alpine filed its mandamus petition in the Second Circuit, Alpine and Scottsdale Capital Advisors filed this action.  The Complaint asserts claims that are functionally identical to those that the New York court rejected in its summary judgment opinion and Reconsideration Order, and that Alpine has raised in its mandamus petition.  Specifically, Alpine and Scottsdale Capital assert that (i) the Commission failed to engage in notice-and-comment rulemaking before "incorporating" the SAR regulations under the BSA into Rule 17a-8, Complaint at 26-27; (ii) the Commission's incorporation of the SAR regulations into Rule 17a-8 without first engaging in notice-and-comment rulemaking was arbitrary and capricious, *id.* at 27-28; (iii) the Commission acted in excess of its statutory authority by enforcing the SAR regulations, *id.* at 28-29; (iv) the Commission failed to comply with the Regulatory Flexibility Act and the APA when it "expand[ed] Rule 17a-8 to require broker-dealers to comply with the SAR reporting regulations promulgated by FinCEN," *id.* at 29-31; and (v) in "expanding" Rule 17a-8, the Commission failed to conduct certain analyses concerning the best interests of investors and the protection of national markets, as required by the Exchange Act, and thus ran afoul of the APA again, *id.* at 32-34.

Alpine and Scottsdale Capital have asked this Court to "set[] aside the SEC's expansion of Rule 17a-8," Complaint at 35, and to issue a declaratory judgment that "the SEC's expansion of Rule 17a-8 to include the SAR reporting requirements adopted by FinCEN thirty years after

the Rule's adoption" was "unlawful as arbitrary and capricious agency action within the meaning of 5 U.S.C. § 706(2)(A); in excess of statutory jurisdiction, authority, and limitation within the meaning of 5 U.S.C. § 706(C); and without observance of procedure required by law within the meaning of 5 U.S.C. § 706(2)(D)."  *Id*.

Alpine and Scottsdale Capital have also moved for a preliminary injunction barring the Commission from "implementing, applying, enforcing, or taking any action whatsoever under the expanded Rule 17a-8."  Complaint at 35-36; Mot. for Prelim. Inj. 1, Dkt. No. 6 ("PI Motion").  That extraordinary relief is necessary, they claim, because "the SEC's current enforcement action against Alpine in the Southern District of New York violates the requirements of the Administrative Procedure Act," "directly contravenes an express delegation to Treasury to enforce the suspicious activity reporting requirements of the [BSA]," and is causing the plaintiffs to "suffer irreparable harm, including loss of goodwill and competitive market positioning."  PI Motion at 1.

The Plaintiffs have not claimed that they were unable to raise these arguments in the SDNY Action; indeed, the Complaint acknowledges that Alpine did so.  Complaint at 9.  They nonetheless assert that they should be allowed to do so again in this Court—while the SDNY Action remains pending—because the New York court "declined to address the issue of whether the SEC had violated the provisions of the APA, and Alpine is not permitted to file any counterclaims against the SEC in that enforcement action."  *Id.*  They further claim incorrectly that the New York court "rejected Alpine's arguments without substantively addressing Alpine's authorities and arguments that the SEC failed to comply with the APA, and without ruling that the SEC complied with the APA, including as recently as June 18, 2018 when the Court denied Alpine's Motion to Reconsider its ruling on the APA issues."  *Id.*  The plaintiffs do not discuss

or attach in the Complaint or PI Motion the New York court's 77-page summary judgment opinion, which addressed and then rejected their arguments, *see* 2018 WL 1633818, at *14-16; *see also* Def's Memo. in Supp. of Cross-Mot. for S.J. at 4-22.  Nor do they mention that in denying Alpine's motion for reconsideration or interlocutory appeal of its summary judgment ruling, the New York court specifically held that "Alpine has failed to show any serious reason to doubt the [summary judgment order's] application of settled administrative law principles to the suspicious activity reporting regime at issue here."  Reconsideration Order at 5; *see also* Def's Memo. in Supp. of Mot. for Recons. *et cet.*, 14-18, SDNY Action, Dkt. No. 111, attached as Exhibit 6.  So far, they have also failed to inform this Court about Alpine's pending mandamus petition in the Second Circuit, in which Alpine again raises functionally identical APA challenges to the Commission's enforcement action pending in the New York Court that it asserts here.  *See* Mandamus Petition at 12-28.

On June 29, 2018, the Commission filed an unopposed motion in this Court for an extension of time within which to respond to the PI Motion.  As the Commission noted in that filing, the extension was necessary, in part, because the Commission required additional time to "prepare any other filings that may be necessary to allow the relevant courts to consider whether all of these actions should proceed concurrently."  Unopposed Mot. for Extension 2, Dkt. No. 12.  This Court granted the Commission's motion on July 2, 2018.  Order, Dkt. No. 13.

On July 3, 2018, the Commission filed a motion in the SDNY Action to enjoin Alpine and Scottsdale Capital from further prosecuting this suit under the "first-filed rule."  Mot. to Enjoin Prosec. & Memo. in Supp. of Mot. to Enjoin Prosec., SDNY Action, Dkt. Nos. 132 & 133, attached as Exhibit 7.  That motion remains pending in that court.  Consistent with the Commission's extension motion in this Court, it now requests that the Court stay further

prosecution of this action until the New York court rules on the Commission's motion for injunctive relief, and until any available appeal(s) of that ruling have been exhausted.

## ARGUMENT

In this Circuit, the "rule is that the first federal district court which obtains jurisdiction of the parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965); *see Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. 2012) ("A district court, as part of its general power to administer its docket, 'may stay or dismiss a suit that is duplicative of another federal court suit.'") (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). That is so because, "as courts of coordinate jurisdiction and equal rank, [federal district courts] must be careful to avoid interfering with each other's affairs in order 'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Buzas Baseball, Inc. v. Board of Regents of Univ. Sys. of Georgia*, 189 F.3d 477, 1999 WL 682883, *2 (10th Cir. 1999) (Table) (quoting *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)). "The rule has its genesis in principles of comity, and essentially counsels that federal courts should decline to hear a case if a previously filed case involving nearly identical parties and issues is being pursued in another federal court." *MedSpring Group, Inc. v. Atlantic Healthcare Group, Inc.*, No. 05-cv-115, 2006 WL 581018, at *3 (D. Utah Mar. 7, 2006). Further, and given the comity concerns underlying the first-filed rule, "'the court in which the first-filed case was brought [should] decide[] the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies.'"

*Id.* (quoting *Ontel Prod., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995)).

In light of these well-settled principles, the Court should stay further proceedings in this case until the New York court decides whether Alpine and Scottsdale Capital should be enjoined from prosecuting it, and until after any available appeal(s) from that eventual order have been exhausted.  The SDNY Action was filed more than a year before the instant suit.  The New York court has heard multiple motions regarding the Commission's claims, and it has presided over discovery, which will end soon.  It has expended significant time preparing and issuing a comprehensive summary judgment order, as well as deciding a motion to reconsider that order. Alpine and Scottsdale Capital are now effectively asking this Court to review the New York court's rulings and to halt that court from going any further while it does so.  This is precisely the scenario that the first-filed rule was intended to guard against.  *See Cessna Aircraft Co.*, 348 F.2d at  692 ("The simultaneous prosecution in two different courts of cases relating to the same parties and issues" should be avoided because it "leads to the wastefulness of time, energy, and money.") (quotation omitted).

Staying proceedings is appropriate, moreover, because the Plaintiffs' arguments in this case are functionally identical to the APA challenges Alpine raised in its cross-motion for summary judgment in the SDNY Action—arguments that are also the subject of a pending mandamus petition and will in any event be reviewable by the Second Circuit after a final judgment in the SDNY Action is issued.  Indeed, the Complaint in this case leaves little doubt that Alpine seeks to relitigate its APA arguments before a different court because the New York court rejected them.  While it gives short shrift to the New York court's detailed summary judgment analysis (and misrepresents the court's conclusions), the Complaint makes clear that

the plaintiffs are asking this Court to do what the other would not:  hold as a matter of law that

the APA bars the Commission from enforcing the SAR regulations under the BSA through Rule

17a-8, and enjoin the Commission from continuing to do so—even in the SDNY Action.  *See*

Complaint at 9, PI Motion at 1; *Meerepol v. Nizer*, 505 F.2d 232, 237 (2d Cir. 1974) (barring

prosecution of second action under the first-filed rule was appropriate where action was an

attempt to relitigate an issue already decided in the first).

The equities of this situation, which this Court may consider "when exercising its

discretion" to stay a subsequent suit under the first-filed rule, weigh heavily in favor of doing so

here.  *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2006).  The Commission and the

New York court have expended considerable resources litigating this case over the past year.

Requiring the Commission to litigate effectively the same matter simultaneously in two different

fora would be wasteful, unnecessarily complicated, and inequitable.  Alpine and Scottsdale

Capital, meanwhile, will suffer no prejudice if proceedings are stayed because neither is

presently subject to an adverse monetary judgment or is at imminent risk of being subject to such

a judgment.

Finally, allowing this action to proceed concurrently with the SDNY Action would also

create a likelihood that this Court and the New York court would "be called upon to duplicate

each other's work."  *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir.

1970).  Indeed, seeking a do-over in this Court because of dissatisfaction with the result in the

SDNY Action appears to be the purpose of this case.  Duplicated work could lead to differing

legal conclusions about the scope of the Commission's Rule 17a-8 authority, which could result

in confusion and the possibility of conflicting rulings.  Alpine and Scottsdale Capital should not

be permitted to use this Court as a means of hijacking the SDNY Action, or sow doubt about the

effect of the New York court's judgments, simply because they think this Court might take a more favorable view of Alpine's arguments.

## **<u>CONCLUSION</u>**

This Court should grant the Commission's motion to stay this case until the New York court determines whether Alpine and Scottsdale Capital will be enjoined from prosecuting it, and until any available appeal(s) from that court's ruling have been exhausted.

Dated:  July 3, 2018.

Respectfully submitted,

/s/  Matthew S. Ferguson
Matthew S. Ferguson
Attorney for Defendant
U.S. Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of July, 2018, I caused the **DEFENDANT'S**

**MOTION FOR STAY OF PROCEEDINGS** to be served to the following parties entitled to

service by the means indicated below:

VIA ECF

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
**Clyde Snow & Sessions**
brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com
Attorneys for Plaintiffs

VIA Email

Maranda E. Fritz
**Thompson Hine**
Maranda.Fritz@thompsonhine.com
Attorney for Plaintiffs


/s/  Matthew S. Ferguson