# Exhibit 4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES SECURITIES AND EXCHANGE    :
COMMISSION,                              :
                                         :
                          Plaintiff,     :    17cv4179(DLC)
                                         :
                -v-                      :    MEMORANDUM OPINION
                                         :         & ORDER
ALPINE SECURITIES CORPORATION,           :
                                         :
                          Defendant.     :
                                         :
---------------------------------------- X
```

For the plaintiff:
Zachary T. Carlyle
Terry R. Miller
U.S. Securities and Exchange Commission
1961 Stout Street, 17th Floor
Denver, CO 80294

For the defendant:
Maranda E. Fritz
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
Clyde Snow & Sessions
One Utah Center, 201 South Main Street, Suite 1300
Salt Lake City, Utah 84111

DENISE COTE, District Judge:

On March 30, 2018, the Court denied the motion for summary judgment and for judgment on the pleadings filed by defendant Alpine Securities Corporation ("Alpine"), and granted in part the motion for partial summary judgment of plaintiff United

States Securities and Exchange Commission ("SEC").  See SEC v. Alpine Sec. Corp., No. 17cv4179(DLC), 2018 WL 1633818 (S.D.N.Y. Mar. 30, 2018) (the "March Opinion").  On April 20, Alpine filed motions seeking reconsideration of rulings in the March Opinion.[1]  These motions became fully submitted on May 25.  Alpine also moves for certification of several questions for interlocutory appeal.  For the reasons that follow, Alpine's April 20 motions are denied.

## Discussion

"[T]he standard for granting a . . . motion for reconsideration is strict."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise

---

[1] Alpine also moved on April 20 to supplement the record for the purposes of its motions for reconsideration, which was denied on April 23.

2

taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted).

An issue may be certified for interlocutory appeal in the following circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b).  "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (citation omitted).

At the invitation of the Court, the parties filed motions for summary judgment addressed to a few exemplar suspicious activity reports ("SARs").  See SEC v. Alpine Sec. Corp., No. 17cv4179(DLC), 2018 WL 1633818, at *7 (S.D.N.Y. Mar. 30, 2018). Alpine principally argued in its motion that the SEC cannot enforce Bank Secrecy Act regulations via Rule 17a-8.  See id. at *14.  The SEC contended in its motion that Alpine violated its obligations under Rule 17a-8 as to 36 SARs the SEC submitted

3

with its motion.  See id. at *3.

Alpine moves for reconsideration of almost every aspect of the March Opinion, arguing that the Opinion overlooked controlling authority cited by Alpine and inappropriately granted summary judgment to the SEC despite genuine disputes of material fact.  Alpine argues that the March Opinion is therefore clearly erroneous and manifestly unjust.  Alpine's arguments are unavailing.

A significant portion of Alpine's moving papers present arguments that were raised by Alpine in its summary judgment papers and discussed in the March Opinion.  These topics include the appropriate measure of deference to FinCEN guidance documents, the validity of the SEC's theory of violation of Rule 17a-8, and Alpine's contention that imposing liability would violate its due process rights.  Alpine's may not use its motions for reconsideration to relitigate issues that have already been fully considered by the Court, and its attempt to do so is denied.

Turning to Alpine's motion for reconsideration of the denial of its motion for summary judgment and for judgment on the pleadings, Alpine fails to address the most important aspects of the March Opinion.  For example, Alpine does not address FinCEN's acknowledgement that the SEC would be able to use Rule 17a-8 to bring actions such as this one, which is

4

premised on deficient suspicious activity reporting by broker-dealers.  See Alpine, 2018 WL 1633818, at *15.  As a result, reconsideration of the March Opinion's denial of Alpine's motion for summary judgment and for judgment on the pleadings is not warranted.

Certification for interlocutory appeal of the questions proposed by Alpine is also unwarranted.  Although Alpine contests the rulings in the March Opinion, it has not shown that this case is so extraordinary that the final judgment rule should not apply.  Moreover, Alpine has failed to show any serious reason to doubt the March Opinion's application of settled administrative law principles to the suspicious activity reporting regime at issue here.

Finally, Alpine has not shown that reconsideration of the partial grant of the SEC's motion for partial summary judgment is warranted.  Alpine's motion for reconsideration conflates the question of whether a broker-dealer has an adequate anti-money laundering ("AML") program with the question of whether a particular SAR filed by a broker-dealer is adequate.  As the SEC explains, this case is not a test of the adequacy of Alpine's AML program as a program, but instead a test of whether the SARs identified by the SEC satisfy the requirements of 31 C.F.R. § 1023.320.  Alpine has not shown that the March Opinion erred in ruling that the exemplar SARs submitted by the SEC in

5

connection with its motion were deficient.  (In many instances, the Opinion's findings were conditioned on the SEC proving at trial that each SAR was required to be filed.  See Alpine, 2018 WL 1633818, at *18.)  As a result, Alpine's motion for reconsideration of the March Opinion insofar as it partially granted the SEC's motion for partial summary judgment is denied.

It should be noted that an interlocutory appeal would be particularly unwarranted since the parties' full summary judgment motions are due to be filed in a few weeks, on July 13.  The partial summary judgment motion practice gave the parties the opportunity to learn the legal framework that will govern that motion and to address the evidence in that context.

## Conclusion

Alpine's April 20 motions for reconsideration and for certification for interlocutory appeal are denied.

Dated:    New York, New York
          June 18, 2018

                              _____
                                      DENISE COTE
                              United States District Judge

6