# Exhibit 7

ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURIITES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                                      Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>                                      Defendant. | 17-cv-4179-DLC<br><br>NOTICE OF MOTION<br><br>ECF CASE |

Please take notice that Plaintiff United States Securities and Exchange Commission moves this Court to exercise its inherent power to enjoin Defendant Alpine Securities Corporation and Scottsdale Capital Advisors from further prosecuting a recently filed suit in the United States District Court for the District of Utah, which asserts claims against the Commission under the Administrative Procedure Act that are functionally identical to those already rejected in this Court's March 30, 2018 Order denying Defendant's cross-motion for summary judgment, as well as to those raised in a mandamus petition pending before the Court of Appeals for the Second Circuit. The Commission has submitted a Memorandum of Law in support of its motion.

Respectfully submitted this 3d day of July, 2018.

                                              */s/ Terry R. Miller*
                                              Zachary T. Carlyle (*pro hac*)
                                              Terry R. Miller (*pro hac*)
                                              Attorneys for Plaintiff
                                              UNITED STATES SECURITIES AND
                                              EXCHANGE COMMISSION
                                              1961 Stout Street, 17th Floor
                                              Denver, Colorado 80294
                                              (303) 844-1000

# **CERTIFICATE OF SERVICE**

I certify that on July 3, 2018, a copy of the foregoing document was served via ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

                                               */s/ Marla J. Pinkston*
                                               Marla J. Pinkston

ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURIITES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>Defendant. | 17-cv-4179-DLC<br><br>ECF CASE |

**PLAINTIFF UNITED STATES SECURITIES AND
EXCHANGE COMMISSION'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO ENJOIN PROSECUTION**

Plaintiff the Securities and Exchange Commission moves to enjoin prosecution of a suit filed in the United States District Court for the District of Utah by Defendant Alpine Securities Corporation and Scottsdale Capital Advisors. That suit asserts claims against the Commission under the Administrative Procedure Act that are functionally identical to those already rejected in this Court's March 30, 2018 order denying Defendant's cross-motion for summary judgment, as well as to those raised in a mandamus petition pending before the Court of Appeals for the Second Circuit. Under the first-filed rule, this Court should enjoin Alpine and Scottsdale Capital from using another federal court to relitigate issues that this Court has already decided—in a case that this Court has presided over for more than a year.

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 5

CONCLUSION ............................................................................................................................ 10

**BACKGROUND**

The Commission filed this action on June 5, 2017, alleging that Alpine violated Section 17(a) of the Securities Exchange Act, 15 U.S.C. § 78q(a), and Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8, by failing to file suspicious activity reports (SARs) required by Treasury Department regulations implementing the Bank Secrecy Act (BSA), 31 U.S.C. § 5311 *et seq.*; filing deficient SARs; and failing to maintain or retain required SAR documentation. Compl. at 18-19, ¶¶ 44-47. In its complaint, the Commission also identified an entity known as Scottsdale Capital Advisors, another registered broker-dealer, as a related relevant entity under common ownership with Alpine. *Id.* at 5-6, ¶¶ 9-10.

On August 3, 2017, Alpine moved to dismiss the complaint under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, or to transfer venue to the U.S. District Court for the District of Utah under 28 U.S.C. § 1404(a). The Court denied that motion on September 15, 2017.

On December 6, 2017, at the Court's suggestion, the Commission moved for partial summary judgment on liability regarding "illustrative samples" of Alpine's alleged SAR violations. Mot. for Part. S.J., Dkt. No. 68; Mem. Of Law in Supp. of Part. S.J. at 2, Dkt. No. 74. Alpine then cross-moved for summary judgment or for judgment on the pleadings, arguing that (i) the Commission lacked statutory authority to pursue the alleged SAR violations; (ii) Rule 17a-8 is an impermissible interpretation of the Exchange Act; and (iii) the Commission could not enforce Rule 17a-8 against Alpine because it had not complied with notice-and-comment rulemaking procedures required by the Administrative Procedure Act, 5 U.S.C. § 553. Mem. of Law in Supp. of Cross-Mot. for S.J. and Mot. for J. on the Pleadings at 1-4, Dkt. No. 84.

This Court granted the Commission's motion in part and denied Alpine's cross-motion. Opinion & Order, Dkt. No. 101. In addressing Alpine's arguments, the Court held that (i) the Commission had authority to pursue SAR violations under the Exchange Act; (ii) Rule 17a-8 was a permissible interpretation of the Exchange Act and thus entitled to *Chevron* deference; and (iii) the Commission was not required to engage in notice-and-comment rulemaking before enforcing Rule 17a-8 against Alpine. *Id.* at 34-40. Alpine subsequently moved for reconsideration of the Court's ruling, or alternatively for certification to seek interlocutory review of the Court's decision by the Second Circuit. This Court denied both requests on June 18, 2018. Mem. Op. & Order, Dkt. No. 129.

A few days later, on June 22, 2018, Alpine petitioned the Second Circuit for a writ of mandamus "compelling the dismissal of the SEC's use of Rule 17a-8 to pursue alleged violations of the SARS provisions of the BSA." Pet. for Writ of Mandamus at 29, *In re Alpine Securities Corp.*, No. 18-1875 (2d Cir. filed June 22, 2018), attached as Exhibit 1. On June 29, 2018, without alerting this Court, Alpine filed an "emergency motion" in the Second Circuit for a stay of this Court's proceedings or, in the alternative, for expedited consideration of its mandamus petition. Dkt No. 16, No. 18-1875 (2d Cir.), attached as Exhibit 2. That motion and the mandamus petition remain pending.

On the same day Alpine filed its mandamus petition, Alpine and Scottsdale Capital Advisors filed a complaint against the Commission in the United States District Court for the District of Utah (the "Utah Action"). *See* Complaint, *Alpine Securities Corp. v. United States Securities and Exchange Commission*, No. 18-cv-00504 (D. Utah filed June 22, 2018) (the "Utah Complaint"), attached as Exhibit 3. The Utah Complaint asserts claims that are functionally

2

identical to those that this Court rejected in its summary judgment opinion and that Alpine has raised in its mandamus petition.

Specifically, Alpine and Scottsdale Capital assert that: (i) the Commission failed to engage in notice-and-comment rulemaking before "incorporating" the SAR regulations under the BSA into Rule 17a-8, Utah Complaint at 26-27; (ii) the Commission's incorporation of SAR regulations into Rule 17a-8 without first engaging in notice-and-comment rulemaking was arbitrary and capricious, *id.* at 27-28; (iii) the Commission acted in excess of its statutory authority by enforcing the SAR regulations, *id.* at 28-29; (iv) the Commission failed to comply with the Regulatory Flexibility Act and the APA when it "expand[ed] Rule 17a-8 to require broker-dealers to comply with the SAR reporting regulations promulgated by FinCEN," *id.* at 29-31; and (v) in "expanding" Rule 17a-8, the Commission failed to conduct certain analyses concerning the best interests of investors and the protection of national markets, as required by the Exchange Act, and thus ran afoul of the APA again, *id.* at 32-34.

Alpine and Scottsdale Capital have asked the Utah court to "set[] aside the SEC's expansion of Rule 17a-8," Utah Complaint at 35, and to issue a declaratory judgment that "the SEC's expansion of Rule 17a-8 to include the SAR reporting requirements adopted by FinCEN thirty years after the Rule's adoption" was "unlawful as arbitrary and capricious agency action within the meaning of 5 U.S.C. § 706(2)(A); in excess of statutory jurisdiction, authority, and limitation within the meaning of 5 U.S.C. § 706(C); and without observance of procedure required by law within the meaning of 5 U.S.C. § 706(2)(D)." *Id*.

Alpine and Scottsdale Capital have also moved for a preliminary injunction barring the Commission from "implementing, applying, enforcing, or taking any action whatsoever under the expanded Rule 17a-8." Utah Complaint at 35-36; Mot. for Prelim. Inj. 1, Dkt. No. 6 (Utah

3

Action, filed June 22, 2018) ("PI Motion"), attached as <u>Exhibit 4</u>.  That extraordinary relief is necessary, they claim, because "the SEC's current enforcement action against Alpine in the Southern District of New York violates the requirements of the Administrative Procedure Act," "directly contravenes an express delegation to Treasury to enforce the suspicious activity reporting requirements of the [BSA]," and is causing the plaintiffs to "suffer irreparable harm, including loss of goodwill and competitive market positioning."  PI Motion at 1.

Alpine and Scottsdale Capital have not claimed that Alpine was unable to raise these arguments in this Court; indeed, the Utah Complaint acknowledges that Alpine did so.  Utah Complaint at 9.  They nonetheless assert that they should be allowed to do so again in the Utah Action—while this Court continues to preside over this case—because this "Court declined to address the issue of whether the SEC had violated the provisions of the APA, and Alpine is not permitted to file any counterclaims against the SEC in that enforcement action."  *Id*.  They further assert incorrectly that this Court "rejected Alpine's arguments without substantively addressing Alpine's authorities and arguments that the SEC failed to comply with the APA, and without ruling that the SEC complied with the APA, including as recently as June 18, 2018 when the Court denied Alpine's Motion to Reconsider its ruling on the APA issues."  *Id.*  Alpine and Scottsdale Capital do not discuss or attach in the Utah Complaint, or the PI Motion, this Court's 77-page summary judgment opinion which addressed and rejected their arguments, *see* Opinion & Order at 34-40, Dkt. No. 101.  Nor do they mention that in denying Alpine's motion for reconsideration or certification for interlocutory appeal of the summary judgment order, this Court specifically held that "Alpine has failed to show any serious reason to doubt the [summary judgment order's] application of settled administrative law principles to the suspicious activity reporting regime at issue here."  Mem. Op. & Order at 5, Dkt. No. 129.  So far, they have also

4

failed to inform the Utah court about Alpine's pending mandamus petition in the Second Circuit, in which Alpine again raises functionally identical APA challenges to those raised both in this Court and in the Utah Action.

On June 29, 2018, the Commission filed an unopposed motion in the Utah Action for an extension of time within which to respond to the PI Motion. The Commission informed the Utah court that that extension was necessary, in part, because the Commission required additional time to "prepare any other filings that may be necessary to allow the relevant courts to consider whether all of these actions should proceed concurrently." Unopposed Mot. for Extension, 2, Dkt. No. 12 (Utah Action, filed June 29, 2018), attached as Exhibit 5. On July 2, 2018, the Utah court granted the Commission's motion, and extended the Commission's deadline to respond to the PI Motion to and including July 13, 2018. Order, Utah Action, Dkt. No. 13. Promptly after the Commission files this motion, the Commission will file a motion asking the Utah court to stay that proceeding while this Court considers this motion.

## **ARGUMENT**

This Court should enjoin Alpine, and Scottsdale Capital, from prosecuting the Utah action, which is an improper attempt to ask another district court to halt proceedings that this Court has presided over for more than a year. "It is well-established" in this Circuit that "'when a case is brought in one federal district court [and the complaint] embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case.'" *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 722-723 (2d Cir. 2010) (alteration in original, quoting *National Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961)); *see also, e.g.*, *City of New York v. Exxon Corp.*, 932

5

F.2d 1020, 1025 (2d Cir. 1991); *Meerepol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974); *Wright & Miller*, 15 Federal Practice & Procedure § 3854 (4th ed., April 2018 update) ("[W]hen two courts have concurrent jurisdiction over a dispute involving the same parties and issues, as a general proposition, the forum in which the first-filed action is lodged has priority."). This "first filed" rule is "based on principles of judicial economy and comity," *Citigroup Inc. v. City Holdings Co.*, 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000), and "embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation," *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989). "Courts already heavily burdened with litigation with which they must of necessity deal should * * * not be called upon to duplicate each other's work." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) (citation and quotation omitted).

This rule is further grounded in the notion that parties "should be free from the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) (citation and quotation omitted). Accordingly, there is a strong presumption in favor of enjoining the prosecution of a subsequent related lawsuit in another forum even where the "parties in the two actions are not identical," *Meeropol*, 505 F.2d at 235-236; *Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205-206 (E.D.N.Y. 2006) ("Importantly, the rule does not require identical parties in both cases, but merely requires substantial overlap") (quotation omitted), and even if the claims in the two suits are only "substantially similar." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-117 (2d Cir. 1992); *see Dish Network, L.L.C. v. American Broad. Co., Inc.*, No. 12-cv-4155, 2012 WL 2719161, at *2 (S.D.N.Y. July 9, 2012) ("The rule does not require that the lawsuits present exactly the same issues, only that the cases

6

be related."); *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 167 (S.D.N.Y. 1992) ("The interests of justice require that the cases be related, not identical.").[*]

The first-filed rule applies with full force here, and the Court should accordingly enjoin Alpine and Scottsdale Capital from prosecuting the Utah Action. This suit was filed more than a year before the Utah Action. This Court has heard multiple motions regarding the Commission's claims, and it has presided over discovery, which will end soon. It has expended significant time preparing and issuing a comprehensive summary judgment order, as well as deciding a motion to reconsider that order. Yet, despite the effort this Court has expended, Alpine and Scottsdale Capital are effectively asking the Utah court to review this Court's ruling and to halt this Court from going any further while it does so.

Enjoining prosecution of the Utah Action is necessary, moreover, because the claims are functionally identical to the APA challenges Alpine raised in its cross-motion for summary judgment in this Court—claims that are also the subject of a pending mandamus petition and will in any event be reviewable by the Second Circuit after final judgment. Indeed, the Utah Complaint leaves little doubt that the Utah Action is an attempt to relitigate APA arguments before a different judge because this Court rejected them. While it gives short shrift to the Court's detailed summary judgment analysis (and misrepresents the Court's conclusions), the Utah Complaint makes clear that Alpine and Scottsdale Capital are asking the Utah court to do what this one would not: hold as a matter of law that the Commission is barred by the APA from enforcing the SAR regulations under the BSA through Rule 17a-8, and enjoin the Commission

---

[*] The fact that Scottsdale Capital is not a party to this suit has no bearing on whether Alpine may be enjoined from prosecuting the Utah Action. "[T]he existence of non-overlapping parties does not defeat application of the first-filed rule as long as some of the parties do overlap." *Liberty Mutual Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 393 (S.D.N.Y. 2014). If only Alpine is enjoined from prosecuting the Utah Action, the Commission will raise with the Utah court whether Scottsdale Capital is capable of continuing that suit by itself.

from continuing to do so—even in this action. *See* Utah Complaint at 9; PI Motion at 1; *Meeropol*, 505 F.2d at 237 (barring prosecution of second action under the first filed rule was appropriate where action was an attempt to relitigate an issue already decided in the first).

The equities of this situation, which this Court may consider "when exercising its discretion" to enjoin a subsequent suit under the first-filed rule, weigh heavily in favor of enjoining prosecution of the Utah Action. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2006). The Commission and this Court have expended considerable resources litigating this case over the past year. Expert discovery is ongoing, and the parties will soon enter the summary judgment phase, which is not due to be completed until the end of August. Requiring the Commission to litigate effectively the same matter simultaneously in two different fora would be wasteful, unnecessarily complicated, and inequitable.

Permitting these matters to proceed concurrently would also create a likelihood that this Court and the Utah court would "be called upon to duplicate each other's work"—indeed, seeking a do-over in Utah because of dissatisfaction with the result here appears to be the purpose of the Utah Action. *Semmes Motors, Inc.*, 429 F.2d at 1203. Duplicated work could lead to differing legal conclusions about the scope of the Commission's Rule 17a-8 authority, which could lead to confusion and the possibility of conflicting rulings. Alpine should not be permitted to use a collateral lawsuit in Utah to hijack this litigation mid-stream, or sow doubt about the effect of this Court's judgments, simply because it thinks a different court might take a more favorable view of its arguments.

There is no "balance of convenience," and there are no "special circumstances" here that would warrant giving the second-in-time court priority. *See Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (identifying "only two exceptions to the

8

first-filed rule: (1) where the balance of convenience favors the second-filed action," and "(2) where special circumstances warrant giving priority to the second suit") (internal quotations and citations omitted). The "balance of convenience" exception to the first-filed rule weighs the same factors "as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)," *id.* at 275, and this Court has already concluded that a Section 1404(a) transfer to the District of Utah was not warranted. Likewise, none of the "rare" "special circumstances" that this Court also considers in determining whether to give priority to a second-filed suit is present here. *See id.* at 275-276. This suit was not an "improper anticipatory declaratory judgment action" designed to head off another looming lawsuit. *Id.*; *see Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) (first-filed rule did not apply where first-filed declaratory judgment action was triggered by a demand letter, and therefore pursued "in apparent anticipation of [the later-filed suit]"). It was an enforcement action designed to put an end to Alpine's habitual violation of the SAR regulations.

While Alpine suggests in the Utah Action that the Commission had improper motives in choosing to sue in this Court, Utah Complaint at 9, this Court has already addressed this issue when it denied Alpine's request for a change of venue. Moreover, Alpine has not alleged—and cannot allege—that "forum shopping *alone* motivated the choice of the situs." *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (emphasis in original). And even if such allegations were made, Alpine cannot show that the Commission "engage[d] in some manipulative or deceptive behavior" to secure this Court as a forum for its suit, or that "the ties between the litigation and [this] forum [are] so tenuous or de minimis" that further inquiry into its appropriateness would be warranted. *Employers Ins. of Wausau*, 522 F.3d at 276. This Court declined to transfer this case to Utah many months ago, and Alpine never sought

9

reconsideration or appellate review of that ruling.  Alpine cannot use a collateral proceeding in Utah to reanimate its venue argument now.

## **CONCLUSION**

This Court should grant the Commission's motion to enjoin prosecution that prevents Alpine and Scottsdale Capital from proceeding with the Utah Action.


Respectfully submitted this 3d day of July, 2018.

                                               */s/ Terry R. Miller*
                                              Zachary T. Carlyle (*pro hac*)
                                              Terry R. Miller (*pro hac*)
                                              Attorneys for Plaintiff
                                              UNITED STATES SECURITIES AND
                                              EXCHANGE COMMISSION
                                              1961 Stout Street, 17th Floor
                                              Denver, Colorado 80294
                                              (303) 844-1000

## CERTIFICATE OF SERVICE

I certify that on July 3, 2018, a copy of the foregoing document was served via ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

                                          */s/ Marla J. Pinkston*
                                          Marla J. Pinkston