# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :    17cv4179(DLC)
SECURITIES & EXCHANGE COMMISSION,         :
                                          :    INJUNCTION
                    Plaintiffs,           :
                                          :
            -v-                           :
                                          :
ALPINE SECURITIES CORPORATION,            :
                                          :
                    Defendant.            :
                                          :
------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-11-2018

DENISE COTE, District Judge:

On July 11, 2018, the Court granted the July 3 motion of plaintiff Securities and Exchange Commission to enjoin a proceeding currently pending before the United States District Court for the District of Utah. Accordingly, it is hereby

ORDERED that Alpine Securities Corporation and Scottsdale Capital Advisors are enjoined from litigating in the United States District Court for the District of Utah case number 18cv409(CW). This injunction shall be dissolved after the conclusion of any appeal from the entry of final judgment in this action.

Dated:   New York, New York
         July 11, 2018

                                _____
                                        DENISE COTE
                                United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES SECURITIES AND EXCHANGE    :
COMMISSION,                              :
                                         :
                         Plaintiff,      :    17cv4179(DLC)
                                         :
             -v-                         :    OPINION & ORDER
                                         :
ALPINE SECURITIES CORPORATION,           :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

For the plaintiff:
Zachary T. Carlyle
Terry R. Miller
U.S. Securities and Exchange Commission
1961 Stout Street, 17th Floor
Denver, CO 80294

For the defendant:
Maranda E. Fritz
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
Clyde Snow & Sessions
One Utah Center, 201 South Main Street, Suite 1300
Salt Lake City, Utah 84111

DENISE COTE, District Judge:

Plaintiff United States Securities and Exchange Commission ("SEC") has moved to enjoin a suit brought in the United States District Court for the District of Utah (the "Utah Action") against it by defendant Alpine Securities Corporation ("Alpine")

and by Alpine's affiliate Scottsdale Capital Advisors ("SCA"). The Utah Action is a transparent attempt to relitigate rulings in this action unfavorable to Alpine. The SEC's motion is granted.

## Background

The SEC filed this suit on June 5, 2017, alleging that Alpine violated Rule 17a-8, 17 C.F.R. § 240.17a-8, by filing suspicious activity reports ("SARs") that failed to contain required information and by failing on other occasions to file required SARs. On August 3, Alpine moved to dismiss under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, or to transfer venue to the District of Utah under 28 U.S.C. § 1404(a). The August 3 motion to dismiss or to transfer was denied at a conference on September 15 (the "September 15 Conference"). On the record at the September 15 Conference, the Court addressed the factors relevant to § 1404(a), and explained that this forum was "not chosen for an improper purpose."

Alpine answered the complaint on September 29, and filed an amended answer on October 27. On November 13, the SEC filed a motion to strike affirmative defenses of estoppel, waiver, and unclean hands asserted in Alpine's amended answer. The November 13 motion to strike was granted January 12, 2018.

2

A Scheduling Order of September 15, 2017 set the discovery schedule, which is ongoing.  Fact discovery was scheduled to conclude on March 30, 2018.  Expert discovery is scheduled to conclude on August 10.  Any motion for summary judgment is due July 13, 2018.

As invited by the Court, the SEC moved for partial summary judgment on December 6, 2017.  In connection with its motion, and pursuant to an Order of December 13, the SEC submitted 36 SARs under seal as examples of the four categories of Rule 17a-8 violations it asserts.  Alpine moved for summary judgment and for judgment on the pleadings on January 19.[1]  These motions were resolved by Opinion issued March 30.  See SEC v. Alpine Sec. Corp., No. 17cv4179(DLC), 2018 WL 1633818 (S.D.N.Y. Mar. 30, 2018) (the "Partial Summary Judgment Opinion").  In its motion for summary judgment, Alpine argued, inter alia, that the SEC did not have statutory authority to enforce Rule 17a-8 and that Rule 17a-8 was invalid insofar as it requires compliance with the current version of Chapter X of Title 31 of the Code of Federal Regulations (the "BSA Regulations").  The Partial Summary Judgment Opinion addressed these contentions, holding that the SEC had authority to promulgate Rule 17a-8 under the Exchange Act of 1934, see id. at *14, that Rule 17a-8 passes

---

[1] Alpine had been invited to submit SAR exemplars of its own choosing, but declined to do so.

3

muster under Chevron, U.S.A. Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984), see 2018 WL 1633818, at *14-15, and that the SEC may sue for violations of Rule 17a-8 based on a broker-dealer's failure to comply with the BSA Regulations, see id. at *15-16.

SCA, Alpine's co-plaintiff in the Utah Action, is not a party to this action.  SCA was listed as a "relevant entity" in the SEC's complaint in this action; the SEC alleges that the two entities are owned by the same individual, although Alpine denies this allegation.  Alpine, in its answer in this action, "admit[ted] that [SCA] has introduced customers to Alpine."  And in a Rule 56.1 statement submitted by Alpine, it explains that it has an agreement with SCA whereby SCA introduces customers to Alpine, which then processes the customers' transactions.

Alpine moved for reconsideration of the Partial Summary Judgment Opinion on April 20, 2018, as well as for certification of portions of that Opinion for immediate appellate review.  After briefing, Alpine's motions were denied on June 18.  See SEC v. Alpine Sec. Corp., No. 17cv4179(DLC), 2018 WL 3198889 (S.D.N.Y. June 18, 2018).

On June 22, Alpine filed a petition for a writ of mandamus in the United States Court of Appeals for the Second Circuit.  See In re Alpine Sec. Corp., No. 18-1875 (2d Cir. filed June 22, 2018).  Alpine moved in the Second Circuit on June 29 to stay

4

proceedings in this Court and for expedited review of its petition. The SEC opposed this motion on July 9 and the Second Circuit denied the motion on July 10. The petition for writ of mandamus remains pending.

Also on June 22, Alpine and SCA filed a complaint (the "Utah Complaint") in the United States District Court for the District of Utah against the SEC. See Alpine Sec. Corp. v. SEC, No. 18cv504(CW) (D. Utah filed June 22, 2018). The Utah Complaint asserts five causes of action premised on the allegation that the SEC violated various APA procedural requirements when it promulgated Rule 17a-8, and a sixth cause of action for declaratory relief. In addition, the Utah Complaint states that due to the relationship between SCA and Alpine, SCA may be "required to indemnify Alpine" if Alpine faces liability for deficient SARs.

On the same day Alpine and SCA filed the Utah Complaint, they also filed a motion in the Utah Action for a preliminary injunction to enjoin the SEC from, inter alia, continuing to litigate this action. The preliminary injunction motion raises expanded versions of the arguments already pressed by Alpine in its motion for summary judgment in this action, about statutory delegation and regulatory procedural requirements. In addition, the preliminary injunction motion expressly refers to "the SEC's unlawful enforcement action in the Southern District of New

5

York" as causing "Alpine[] irreparable harm." The preliminary injunction motion asserts that SCA faces irreparable harm based on the risk that "SCA may be required to indemnify Aline" "if Alpine incurs liability" regarding its SAR filings.

The SEC moved for an extension of time to respond to the Utah preliminary injunction motion on June 29, 2018, which was granted July 2. The SEC's opposition to the preliminary injunction motion is due July 13. The SEC also filed a motion in the Utah Action to stay that action on July 3, which Alpine and SCA opposed on July 10, and on which the Utah Court has not acted.

The SEC moved in this Court for an injunction restraining Alpine and SCA from litigating the Utah Action on July 3. Alpine opposed the motion on July 9, and the motion became fully submitted on July 11. SCA has not appeared or taken any other action in this case.

## Discussion

"The first filed rule states that where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action." City of New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991) (citation omitted). "This rule

6

usually applies when identical or substantially similar parties and claims are present in both courts." In re Cuyahoga Equip. Corp., 980 F.2d 110, 116-17 (2d Cir. 1992); accord Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974) ("This rule is applicable even where the parties are not identical."). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly . . . enjoin the parties from proceeding with it . . . ." Id.

The Second Circuit has "recognized only two exceptions to the first-filed rule: (1) where the balance of convenience favors the second-filed action, and (2) where special circumstances warrant giving priority to the second suit." Emp'rs Ins. of Wausau v. Fox Entm't Grp., 522 F.3d 271, 275 (2d Cir. 2008) (citation omitted) ("Wausau"). The balance of convenience analysis is "essentially the same as th[e analysis] considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." Id. (citation omitted). The balance of convenience analysis is central, and "the 'special

7

circumstances' in which a district court may dismiss the first-filed case without this analysis are quite rare." Id. The Second Circuit has identified such special circumstances "where the first-filed lawsuit is an improper anticipatory declaratory judgment action," or "where forum shopping alone motivated the choice of the situs for the first suit." Id. at 276 (citation omitted) (emphasis in Wausau).

The SEC is entitled to an injunction restraining Alpine and SCA from pursuing the Utah Action. This SEC action was filed first. The SEC seeks to enforce Rule 17a-8 against Alpine. Alpine defended against the SEC's suit by arguing, inter alia, that the SEC lacks statutory authority to enforce Rule 17a-8 and that the promulgation of Rule 17a-8 was procedurally unsound. This Court addressed those arguments, ruling against Alpine in the Partial Summary Judgment Opinion. See SEC v. Alpine Sec. Corp., No. 17cv4179(DLC), 2018 WL 1633818, *14-16 (S.D.N.Y. Mar. 30, 2018). Alpine was then entitled to take a number of actions in this Court or in the Second Circuit, including moving for reconsideration, requesting certification for interlocutory appeal, and seeking immediate review via a petition for writ of mandamus. Alpine has pursued each of these avenues of relief.

What Alpine was not permitted to do, however, was to force the SEC to defend against largely the same arguments in another federal district court. The Utah Complaint is premised on an

8

expanded version of the same statutory and regulatory arguments the Court rejected in the Partial Summary Judgment Opinion. Moreover, the Utah Complaint and the Utah preliminary injunction motion show that Alpine is complaining of injury caused by the Partial Summary Judgment Opinion. The Utah preliminary injunction opinion expressly requests that the Utah Court enjoin this earlier-filed action.

The balance of convenience does not support prioritizing the Utah Action. This Court denied Alpine's motion to dismiss for improper venue or to transfer at the September 15 Conference, and in doing so addressed the 28 U.S.C. § 1404(a) factors. This analysis will not be repeated. Alpine has still failed to show that this action should be transferred to Utah.

Further, special circumstances are not present that warrant allowing the Utah Action to go forward. This action is not an improper, anticipatory, declaratory judgment action. And although Alpine argues that forum shopping improperly motivated the SEC to bring suit in the Southern District of New York, the Court rejected that argument at the September 15 Conference. Alpine has not shown that that ruling was incorrect.

Given the unique circumstances of this case, the SEC is also entitled to an injunction against SCA.[2] Alpine's

---

[2] The parties dispute whether the rulings in this case, or a hypothetical final judgment adverse to Alpine, could have <u>res</u>

9

submissions in this case, as well as the Utah Complaint, disclose that SCA and Alpine have a standing agreement to divide the responsibility for processing the securities transactions that are the basis of this suit. The Utah preliminary injunction motion filed by Alpine and SCA asserts that SCA risks being injured by this lawsuit because of an indemnification agreement between SCA and Alpine relating to the adequacy of Alpine's SARs. These factors show that Alpine and SCA are closely related, and that SCA, like Alpine, is using the Utah Action to attempt to block the SEC from pursuing this action. Accordingly, the SEC has shown that "substantially similar parties and claims are present in both courts." In re Cuyahoga Equip. Corp., 980 F.2d at 116-17. Because this action was filed first, it must be allowed to proceed without interference by an improper collateral attack in another federal court. Alpine's interests are fully protected through its right of appeal to the Court of Appeals for the Second Circuit after the conclusion of this action.

SCA has not appeared in this action. Alpine raises an

---

judicata or collateral estoppel effects as to the claims advanced by Alpine or SCA in the Utah Action. Their unhelpful discussion of these issues proves the truth of the Second Circuit's observation that there are "obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending." Curtis, 226 F.3d at 138. This problem is another reason to grant an injunction through the conclusion of this action.

argument on SCA's behalf that this Court may not enjoin SCA from litigating the Utah Action because it lacks personal jurisdiction over SCA.[3]  This argument is meritless.

Specific personal jurisdiction is assessed with a two-part inquiry:  first, a party must have "purposefully directed [its] activities at the forum and the litigation [must] arise out of . . . those activities." Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 136 (2d Cir. 2014) (citation omitted).  Second, if those minimum contacts exist, the court must conclude that "the assertion of personal jurisdiction would comport with fair play and substantial justice." Id. (citation omitted).  Among the considerations relevant to the second step are "the burden on [SCA], the interests of the forum . . . , and the plaintiff's interest in obtaining relief," as well as "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." Asahi Metal Indus. Co. v. Superior Court of Calif., 480 U.S. 102, 113 (1987) (citation omitted).

SCA has moved for a preliminary injunction against this proceeding.  SCA has thus purposefully directed its activities

---

[3] On July 3, the same day the SEC moved for an injunction in this Court against the Utah Action, the SEC also filed its motion on the docket of the Utah Action.  And on July 5, the SEC filed this Court's July 4 Scheduling Order on the Utah Action's docket.  SCA has accordingly had notice of the present motion.

11

at this forum, and specifically at this proceeding. Asserting personal jurisdiction over SCA to the extent of enjoining interference with this action does not violate traditional notions of fair play or substantial justice. Indeed, any burden on SCA is outweighed by the SEC's interest in not having to defend against the same arguments it has already faced in this proceeding, as well as by the systemic interest in efficiently resolving disputes in a single proceeding. Thus, regardless of whether a more expansive personal jurisdiction could be obtained over SCA in the Southern District of New York,[4] SCA's conduct in the Utah Action, directed at this action, permits the Court to exercise specific personal jurisdiction to the extent of enjoining SCA from litigating the Utah Action.

Because the Court may exercise limited personal jurisdiction over SCA, both the All Writs Act, 28 U.S.C. § 1651, and Rule 65(d)(2)(C), Fed. R. Civ. P., empower the Court to

---

[4] The Exchange Act expressly permits the SEC to sue in any district where "any act or transaction constituting [a] violation" of the statute occurred, or where "the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a); see also 15 U.S.C. § 78u(d)(3)(C)(iv) (Venue and jurisdictional provisions found in § 78aa apply to actions under § 78u.). SCA, by its own admission in the Utah Action, was involved in some of the transactions underlying this action. Thus, the Court likely has personal jurisdiction over SCA based on the transactions cleared by Alpine. This Opinion does not resolve this potential alternate ground for enjoining SCA because the specific jurisdiction arising out of SCA's attempt to enjoin this proceeding is sufficient.

12

enjoin SCA from litigating the Utah Action. The All Writs Act permits "[i]njunctions [to] be issued against non-parties . . . [as long as] the persons enjoined have the minimum contacts that are constitutionally required under due process." <u>United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.</u>, 907 F.2d 277, 281 (2d Cir. 1990). And Rule 65(d)(2)(C), Fed. R. Civ. P., expressly permits a court to enjoin "persons who are in active concert or participation" with parties before it. SCA is in active concert with Alpine: SCA is Alpine's co-plaintiff in the Utah Action, was the introducing broker for many of the transactions at issue in this action, and may be required to indemnify Alpine for liability Alpine incurs in this action. Accordingly, the Court has constitutional and statutory authority to issue the injunction requested by the SEC.

## Conclusion

The SEC's July 3, 2018 motion to enjoin the Utah Action is granted. Alpine and SCA are enjoined from litigating in the United States District Court for the District of Utah case number 18cv409(CW). This injunction shall be dissolved after

13

the conclusion of any appeal from the entry of final judgment in this action.

Dated:    New York, New York
          July 11, 2018

                                 _____
                                         DENISE COTE
                                 United States District Judge

14