IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **ALPINE SECURITIES CORPORATION, a Utah corporation, and SCOTTSDALE CAPITAL ADVISORS, an Arizona corporation,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**SECURITIES AND EXCHANGE COMMISSION,**<br><br>DEFENDANT. | **ORDER TO SHOW CAUSE**<br><br>Case No.:  2:18-cv-00504<br>Judge: Clark Waddoups |

Background

On June 5, 2017, in the Southern District of New York, the United States Securities and Exchange Commission (SEC) filed a Complaint against Alpine Securities Commission (Alpine). (S.D.N.Y. 1:17-cv-4179, ECF No. 1.) The SEC alleged that "Alpine failed to comply with the reporting, recordkeeping, and record retention requirements of FinCEN's regulations implementing the BSA, Chapter x of title 31 of the Code of Federal Regulations, which, among other things, require broker-dealers to 'implement and maintain an anti-money laundering program that complies with the rules, regulations, or requirements of its self-regulatory organization governing such programs' . . . and that a broker-dealer, such as Alpine, must file SARs with FinCEN" "[i]n violation of Exchange Act 17(a) and Rule 17a-8." (S.D.N.Y. 1:17-cv-4179, ECF No. 1 at 19.)

On June 22, 2018 Alpine filed a Complaint in this District, seeking, among other things, "a judgment from this Court declaring that . . . the SEC violated the APA, RFA and the Exchange Act, and acted arbitrarily and capriciously, by taking agency action in excess of statutory authority and limitations (acting ultra vires), and without observance of procedures required by law, through its attempts to secretly expand Rule 17a-8 to incorporate the SAR provisions of the BSA and to maintain civil enforcement actions predicated on purported violations of the SAR provisions of the BSA." (ECF No. 2 at 34–35.)

On July 3, 2018, the SEC filed a Motion for Stay of Proceedings "while the U.S. District Court for the Southern District of New York decides whether to enjoin Plaintiffs Alpine Securities Corporation and Scottsdale Capital Advisors from prosecuting this suit." (ECF No. 15 at 1–2.)

On July 11, 2018, the SEC filed a Reply in support of its Motion, informing the court that the "SDNY [district court] granted the [SEC's] motion and enjoined Alpine . . . from litigating this action until any appeal(s) from the eventual final judgment in that case have been exhausted . . . ." (ECF No. 18 at 2.) In support, the SEC attached a copy of the SDNY District Court's order. (ECF No. 18-1.) That Order provided that Alpine was "enjoined from litigating" this case in the District of Utah and provided that "[t]his injunction shall be dissolved after the conclusion of any appeal from the entry of final judgment in this action." (ECF No. 18-1 at 1.) The Order also described Alpine's suit in this district "as a transparent attempt to relitigate rulings in [the New York] action unfavorable to Alpine." (ECF No. 18-1 at 4.)

On October 9, 2019, the SDNY District Court entered Permanent Injunction and Final Judgment Against Alpine. (S.D.N.Y. 1:17-cv-4179, ECF No. 241.) That Order "permanently

restrained and enjoined [Alpine] from violating Section 17 of the Exchange Act . . . and Rule 17a-8 . . . ." (S.D.N.Y. 1:17-cv-4179, ECF No. 241 at 1.) Alpine was also ordered to pay "a civil penalty in the amount of $12,000,000 to the [SEC] . . . ." (S.D.N.Y. 1:17-cv-4179, ECF No. 241 at 2.)

On December 4, 2020, the Second Circuit issued a decision affirming the judgment of the district court. *United States Sec. & Exch. Comm'n v. Alpine Sec. Corp.*, 982 F.3d 68, 73 (2d Cir. 2020) ("For the reasons the follow, we AFFIRM the judgment of the district court."). The Second Circuit held that (I) "[t]he SEC Has Authority to Enforce Section 17(a) of the Exchange Act Through This Civil Action," (II) "Rule 17a-8, Which Requires Compliance with BSA Requirements, Is a Reasonable Interpretation of Section 17(a) of the Exchange Act," (III) "Rule 17a-8 Does Not Violate the Administrative Procedure Act," (IV) "[t]he District Court Did Not Err in Granting Summary Judgment with Respect to the SARs," and (V) "[i]n Imposing the Civil Penalty, the District Court Did Not Abuse Its Discretion." *Alpine*, F.3d at 76, 77, 80, 83, and 85.

## Order

I. On or before April 16, 2021, Alpine is ordered to show cause as to why this case should not be dismissed for failure to prosecute.

DATED this 6th day of April, 2021.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge

3