UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| SCOTTSDALE CAPITAL ADVISORS, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 2:18-cv-00504-CW |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to District of Utah Civil Rule 7-1(d), the Securities and Exchange Commission submits as supplemental authority in support of its Motion to Dismiss Scottsdale Capital Advisors' (SCA) complaint the recent dismissal of the complaint filed against the Commission in *Consensys Software, Inc. v. Securities and Exchange Commission, et al.*, No. 4:24-cv-369 (N.D. Tex.) (filed Sept. 19, 2024) (Op. attached as Exhibit A). *Consensys* supports the Commission's position that SCA's complaint should be dismissed because SCA has not challenged a "final agency action" subject to Administrative Procedure Act (APA) review. Mot. at 16-21; Reply at 2-7.

In *Consensys*, Consensys Software, Inc. filed a declaratory judgment action against the Commission in the Northern District of Texas in response to a Commission investigation into whether Consensys violated the federal securities laws. Op. 1-2. Among other things, Consensys asserted that any Commission investigation or enforcement action related to certain of its products "would exceed the agency's statutory authority" and the company therefore sought a declaration that it did not violate the securities laws and an injunction against any Commission investigation or enforcement action related to those products. Op. 2; *see* Consensys Compl. ¶¶ 119, 121.D., E., & H. (filed Apr. 25, 2024).

The *Consensys* court dismissed that claim as unripe because Consenys "has not identified final agency action" that made the claim "fit for judicial review," Op. 5, and "failed to show it will suffer hardship from withholding judicial review of its claim," Op. 7. The court held that neither "an SEC enforcement action against another cryptocurrency trading platform" nor the enforcement action the Commission subsequently filed against Consensys in the Eastern District of New York constituted final agency action under APA Section 704, 5 U.S.C. 704, because "'the allegations made in an enforcement suit do not impose the *kind* of legal obligations with which finality doctrine is concerned.'" Op. 7 (quoting *Dow Chem. v. EPA*, 832 F.2d 319, 325 (5th Cir. 1987) (emphasis in original)). And the court held that "there is little to no hardship imposed" by a denial of judicial

review because the Commission's New York enforcement action provides Consensys "'with an avenue to test its theories.'" Op. 8 (quoting *Walmart Inc. v. DOJ*, 21 F.4th 300, 313 (5th Cir. 2021)).

The same reasoning supports the dismissal of SCA's APA lawsuit challenging "[t]he SEC's position in the Alpine Enforcement Action" regarding the scope of Rule 17a-8, 17 C.F.R. 240.17a-8. Am. Compl. ¶ 20. As the Commission argued, Mot. at 17-18; Reply at 3-4, an agency's assertion of a litigation position, like "'the allegations made in an enforcement suit,'" does not impose "'the *kind* of legal obligations with which finality doctrine is concerned,'" Op. 7, and therefore does not constitute "final agency action" subject to APA review. Nor is the assertion of a litigation position an action "for which there is no other adequate remedy in a court." 5 U.S.C. 704. As the Commission argued, Mot. at 18-19; Reply at 5, SCA had "'an avenue to test its theories,'" Op. 8, in the Commission's enforcement action against Alpine Securities Corp., a related entity. Indeed, as the Southern District of New York observed, this lawsuit "is a transparent attempt to relitigate rulings" by that court that were "unfavorable to Alpine." *SEC v. Alpine Secs. Corp.*, 2018 WL 3377152, at *1 (S.D.N.Y. July 11, 2018), *aff'd*, 768 F. App'x 93, 94 (2d Cir. May 28, 2019). SCA would have *another* avenue to test its theories if the Commission files an enforcement action against it under Rule 17a-8. Mot. at 20; Reply at 5-6. SCA has not alleged that such an action is threatened or imminent. Reply at 6.

Dated:  September 25, 2024               Respectfully submitted,

                                              By:   */s/   Stephen Silverman*

                                              STEPHEN SILVERMAN
                                              Appellate Counsel

                                              U.S. Securities and Exchange Commission
                                              Office of the General Counsel
                                              100 F Street NE
                                              Washington, DC 20549

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, I served the foregoing Notice of Supplemental Authority upon counsel for plaintiff via ECF.

By: _/s/ Stephen Silverman_

STEPHEN SILVERMAN
Appellate Counsel

U.S. Securities and Exchange Commission
Office of the General Counsel
100 F Street NE
Washington, DC 20549